GURDON GRANT and others *v.* ALEXANDER H. HOLDEN.

Where a note is placed in the hands of the plaintiffs, by a debtor, to be collected and applied by them to a debt due them by such debtor, a subsequent agreement by him to compromise the note for less than the amount thereof, will not be binding upon the plaintiffs, unless ratified by them.

The transfer to the plaintiffs, under such circumstances, before maturity and before the compromise, is sustained by sufficient consideration, and entitles them to recover from the maker the face of the note.

THIS action was brought against the maker of a promissory

note for $600, originally delivered to the payee in payment for lumber. The note was by him transferred, with other paper, to the plaintiffs, before it became due, to be by them collected and applied on account of a pre-existing indebtedness of the payee to the plaintiffs. The defendant set up, among other defences, that a settlement and compromise had been effected between him and the *payee*, by which he was discharged from all liability upon the note.

Upon the trial, the defendant had a verdict. The plaintiff moved for a new trial, at the general term, upon a case, the suit having been commenced under the former system of practice.

*John Graham*, for the defendant.

*P. Van Antwerp*, for the plaintiff.

By THE COURT. INGRAHAM, FIRST J.—Without examining the various questions presented in this case, as to the sufficiency and binding effect of the alleged compromise with Dunning, I think a new trial must be ordered, because no evidence of such a compromise with him, without the assent of the plaintiffs, could affect their rights.

The rule, that the plaintiffs must be *bona fide* holders for value, is not applicable to this defence. The note was placed in the plaintiffs' hands before maturity and before the compromise, to be collected and applied to the payment of indebtedness from Dunning to the plaintiffs. This is apparent from the depositions of the plaintiffs, who were examined by the defendant, and the indebtedness was a sufficient consideration for the transfer. Having obtained the note for the purpose of applying it to a debt owing to them by Dunning, they were not bound by his acts subsequently, any further than ratified by themselves. They have simply acknowledged the receipt of the payment of $250 on account, by permitting the endorsement on the note. Whatever compromise was agreed to by Dunning, was not communicated to nor authorized by the

plaintiffs, and so long as any thing remained due to them from Dunning, their claim upon the note was not impaired.

A new trial must be ordered, costs to abide the event.